IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

In re

**SALVADOR A. GAUDIANO**  Case No. 14-32050

**Debtor in Possession**  Chapter 11

---

**AMENDED PLAN OF REORGANIZATION
PROPOSED BY SALVADOR A. GAUDIANO**

**December 8, 2014**

---

Edward J. Shultz
Attorney for the Debtor in Possession
AYRES & PARKEY ATTORNEYS, PLLC
P.O. Box 23380
Knoxville, TN 37933
(865) 637-1181
(865) 637-6050 (facsimile)
eshultz@ayreslaw.com

## SECTION I

Pursuant to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., the Debtor hereby submits the following Plan of Reorganization:

## INTRODUCTION

The Debtor In Possession filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code on June 25, 2014. Unless specifically defined below, the terms used in this Plan of Reorganization ("the Plan") shall have the meaning as set forth in 11 U.S.C. § 101 et seq.

## DEFINITIONS

A. <u>Allowed Claim</u> – A claim which arose prior to the order for relief and (a) in respect of which a proof of claim has been filed with the Court on or before the Claims Bar Date fixed by the Court or (b) scheduled and filed with the Court pursuant to Fed. R.Bankr. P. 1007 and not listed as disputed, contingent or unliquidated as to amount, and in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Fed. R.Bankr.P. 3003, an order of the Court or this Plan or is no longer subject to appeal.

B. <u>Allowed Priority Claim</u> – An Allowed Claim, which is made pursuant to Code § 507 and arises on or before the order for relief in an amount determined by final order of the Court.

C. <u>Allowed Secured Claim</u> – An Allowed Claim secured by an unavoidable lien which attached to property of the Debtor before the order for relief other than a tax claim pursuant to Code § 507 in an amount equivalent to the value of the estate's interest in the property or in an amount provided for in the Plan, whichever is less.

D. <u>Allowed Unsecured Claim</u> – An Allowed Claim by a creditor of the Debtor not allowed as a priority claim, secured claim or equity interest of the Debtor.

 E. <u>Claims Bar Date</u> – The date set by the Court as a deadline for filing proofs of claim with the clerk's office was October 20, 2014. The date set by the Court as a deadline for filing proofs of claim by governmental units is December 22, 2014.

 F. <u>Confirmation Date</u> – The date of entry of the order by the Court confirming the Plan.

 G. <u>Disclosure Statement</u> – Document entitled "Amended Disclosure Statement For Plan Of Reorganization Proposed By Salvador A. Gaudiano" dated December 8, 2014, containing adequate information as approved by the Court pursuant to Code § 1125(a)(1) and any amendments to the disclosure statement.

 H. <u>Effective Date of the Plan</u> – The date of the commencement of the Plan which shall be sixty days after entry of the order confirming the Plan.

 I. <u>Final Order</u> – order of the Court confirming the Plan after the date on which it becomes unappealable and has not been vacated, reversed, modified or amended and the time for further appeal or rehearing has expired with no motion or appeal pending in any Court.

 J. <u>Petition Date</u> – The date on which the voluntary petition commencing this bankruptcy case was filed, which was June 25, 2014.

 K. <u>Plan</u> – The document entitled "Plan of Reorganization Proposed by Salvador A. Gaudiano," dated December 8, 2014 containing the Debtor's Plan submitted pursuant to Code § 1121 et seq. of the Code and any Amendments.

 L. - <u>Debtor</u>  - The Debtor is Salvador A. Gaudiano and he resides at 12121 S. Fox Den Drive, Knoxville, Tennessee.

## SECTION II

## GENERAL DESCRIPTION OF THE PLAN

The Plan, in general, consists of payments to creditors over 60 months except some payments to secured creditors or for marital debts will continue for longer periods.

## SECTION III

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

The Debtor hereby provides that claims against him shall be divided and treated in classes according to the following with payment beginning on the Effective Date of the Plan:

**Class 1** contains all administrative expenses, which include unpaid professional fees and postpetition financing from Diversified Energy, Inc. in an amount of no more than $45,000.00. Class 1 claims will be paid in full on the effective date of the plan, or as otherwise agreed upon between the Debtor and Class 1 creditors.

**Class 2** contains only fees owed to the U.S. Trustee if any. This class will be paid in full upon the effective date of the Plan.

**Class 3** contains the priority claim of the Internal Revenue Service ("IRS") for income taxes. This claim will be paid over 60 months at 3% annual interest. The Debtor reserves the right to, postconfirmation seek an abatement of any penalties.

**Class 4a** is comprised of the prepetition Domestic Support Obligation of Kathleen Medico Gaudiano in the amount of $30,000.00. This class will be paid upon the Effective Date of the Plan. This class is unimpaired.

**Class 4b** is comprised of the postconfirmation Domestic Support Obligation owed to Kathleen Medico Gaudiano in the amount of $817,500.00. This class will be paid $7,500.00 per month beginning on the Effective Date of the Plan pursuant to the final order in the divorce case

4

entered by the Chancery Court for Knox County, Tennessee on February 25, 2009.  This class in unimpaired.  Because this class in unimpaired, claims included in this class are conclusively presumed to have accepted the Plan pursuant to § 1126(f) of the Bankruptcy Code.  Holders of Class 4b Claims are not entitled to vote to accept or reject the Plan.  This class is impaired.

**Class 4c** is comprised of the secured claim Kathleen Medico Gaudiano for the unpaid portion of a property settlement in the amount of $1,583,547.00 and for the past due amount of the property settlement in the amount of $291,954.27 for a total of $1,875,501.27.  This class will retain its prepetition liens.  This class will be paid $2,500.00 per month beginning on the Effective Date of the Plan.  After the Class 4d claimant is paid in full the monthly payments will increase to $10,000.00 until this class is paid in full.  This class is impaired.

**Class 4d** is comprised of the claim of Bernstein Stair & McAdams, LLP pursuant to an order entered by the Chancery Court for Knox County, Tennessee on January 28, 2013.  This claim will be paid the sum of $7,500.00 per month beginning on the Effective Date of the Plan until paid in full.  The Debtor will receive credit from Kathleen Gaudiano for these payments.  This class in impaired.

**Class 5a** is comprised of the secured claim of Regions Bank.  This claim, in the approximate amount of $472,762.58, is a home equity loan, and is fully secured by the Debtor's principal residence.  Pursuant to an order of the Bankruptcy Court, the Debtor has been making postpetition maintenance payments on this claim.  This claimant shall retain its prepetition lien, and will be paid pursuant to the contract with monthly payments of $2,449.72, which constitute interest payments.  The loan will be paid in full with a balloon payment on or before the expiration of 120 months from the Effective Date of the Plan.  The Debtor shall pay expenses of

5

property taxes and insurance directly and such expenses are not included in this Class's treatment. This class in unimpaired.

**Class 5b** is comprised of the secured claim of JP Morgan Chase Bank, NA. This claim, in the approximate amount of $101,748.48, is fully secured by the Debtors' condominium located at 633 Chapel Point Lane. The claimant will retain its prepetition lien, and will be paid in full with at the contract rate of interest of 4.125% with monthly payments of $646.30 until paid in full. Additionally, payments to escrow for taxes and insurance will be maintained. Such payments are currently $153.28 per month. This class in impaired.

**Class 5c** is comprised of the claim of Wells Fargo Bank, secured by a condominium located in Maitland, Florida that was awarded to Kathleen Gaudiano in the divorce. Because the Debtor transferred his interest in the property to Ms. Gaudiano pursuant to Marital Dissolution Agreement, this claim is unsecured as to the Debtor. This claim will be paid the contract monthly maintenance payment in the amount of $1,001.47 until paid in full. This claim is impaired.

**Class 6a** is comprised of the secured claim of Ally Bank in the amount of $21,664.83 as of the Petition Date. This claim is fully secured by the Debtor's 2010 Cadillac. Although this is an obligation of the Debtor, this Class will be paid outside of the Plan by the Debtor's employer as an employee expense. This class in unimpaired. Because this class in unimpaired, claims included in this class are conclusively presumed to have accepted the Plan pursuant to § 1126(f) of the Bankruptcy Code. Holders of Class 6a Claims are not entitled to vote to accept or reject the Plan.

**Class 6b** is comprised of the secured claim of Citizens Auto Finance, Inc. in the amount of $12,642.59 as of the Petition Date. This claim is fully secured by the Debtor's 2008 Jaguar.

6

This Class will be paid monthly payments of $941.56 at 3.84% annual interest until paid in full. This Class is impaired.

**Class 7a** is comprised of the allowed claims of all non-insider general unsecured creditors. The following table contains a list of creditors and the amounts of their claims. The amounts disclosed are provisional because the Claims Bar Date has not passed and all claims are subject to objection by the Debtor or other interested parties if grounds exist.

| Claimant | Amount |
|---|---|
| Allen Schwartz | 10,000.00 |
| American Express | 17,379.00 |
| Capital One | 2,238.00 |
| Internal Revenue Service | 18,685.57 |
| Lingham Rawlings, LLC | 181,972.97 |
| Regions Bank | 17,500.00 |
| LVNV Funding, LLC | 1,831.63 |
| First Tennessee Bank | 6,625.35 |
| | 256,232.52 |

Claims in this Class will be paid a minimum of $4,300.00 per month *pro rata* beginning on the Effective Date of the Plan. Payments will continue until claims in this class are paid in full. This class is impaired.

**Class 7b** is comprised of the allowed general unsecured claims of Diversified Energy, Inc. in the amount of $1,454,000.00 and Diversified Holdings, Inc. in the amount of $32,500.00. By the agreement of the parties, which are both insiders, claims in this Class will be paid in full when the respective corporations are liquidated. The principals of the two corporations have no present intent to liquidate the corporations. This class is impaired.

## SECTION IV
## IMPLEMENTATION OF THE PLAN

The Plan will be funded by application of the Debtor's disposable income until all claims are paid as proposed by the Plan.

## SECTION V
## STRIP OFF OF LIENS PURSUANT TO § 506

Pursuant to 11 U.S.C. § 506(a), the claims of Bernstein Stair & McAdams, LLP and Lingham Rawlings, LLC shall be stripped off, resulting in general unsecured claims for both creditors that will be treated as Class 7a claimants.

## SECTION VI
## EXECUTORY CONTRACTS AND LEASES

The Debtor is not assuming or rejecting any executory contracts or leases by operation of this Plan.

## SECTION VII
## DISCHARGE

Discharge will be entered when plan payments are complete or earlier as set forth pursuant to 11 U.S.C. § 1141(d)(5).

## SECTION VIII
## GENERAL PROVISIONS

A. Pursuant to Code § 1123(b), the Debtor shall retain each and every claim or cause of action of any type or kind which the Debtor had immediately prior to confirmation of the Plan including without restriction the avoidable transfers pursuant to 11 U.S.C. §§ 544, 545, 547, 548, 549 or 553(b) of the Code and may bring suit in the appropriate forum for such claim whether in Bankruptcy Court or otherwise. However, the Debtor shall not proceed with any state court litigation, either pending or future, against TSB.

B.  Notwithstanding the provisions of this Plan the Debtor shall be entitled to object to and dispute any claims which are filed and by the terms of this Plan shall remain in full compliance with the Plan.  The Debtor and/or any other party in interest may object to any claims within sixty days following the Effective Date.

C.  The Debtor may hereafter propose amendments or modifications to this Plan after authorization from the Court and upon notice as required by the Bankruptcy Code and Bankruptcy Rules.  Further, the Debtor may, post-confirmation, modify the Plan with Court approval pursuant to Code § 1127 and other provisions of the Code.

D.  Unless otherwise determined by the Court or by agreement any legal issues of priority or secured status as provided by Code § 506 shall be treated according to the terms of the Plan and be binding on the creditor affected by this Plan.

E.  The Debtor anticipates that the professionals previously approved by the Court will continue to provide services post-confirmation and that those services shall be paid by the Debtor as they are incurred.

F.  The Debtor shall file an application for a final decree and file a final report when all the following conditions are met:

1.  The confirmation order has become final;

2.  Deposits required by the Plan, if any, have been distributed;

3.  Property proposed by the Plan to be transferred, if any, has been transferred;

4.  Payments proposed by the Plan have commenced;

5.  There are no pending motions, contested matters or adversary proceedings;

6.  All U.S. Trustee quarterly fees have been paid; and

    7. If the Plan or confirmation order requires an action or event prior to the issuance of a final decree, such action or event has occurred.

In the event the above conditions have not been met and the Court has not entered a Final Decree, then the Debtor shall file a status report at least every six months from the effective date of the Plan. In addition, the Debtor shall file Monthly Operating Reports and pay quarterly fees to the United States Trustee's Office until a Final Decree is entered.

## SECTION IX
## PROVISIONS FOR CONTINUING JURISDICTION OF THE COURT

In addition to the continued jurisdiction after confirmation, which is provided for as a matter of law by the Bankruptcy Code and Bankruptcy Rules or otherwise in this Plan, the Court shall retain jurisdiction after entry of the final decree for the following purposes:

    A. The classification of any claim or interest, the determination of such objection as may be filed to claims, or interests, and the re-examination of the allowance of any claim or interest;

    B. The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the order of confirmation as may be necessary to carry out the purposes and intent of this Plan;

    C. To enforce and interpret the terms and conditions of this Plan;

    D. Entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations and terms of such title, rights and powers as the Court may deem necessary;

    E. Determination of any claims asserted by the Debtor against any other person or entity, including but not limited to any right of the Debtor or Debtor-in-Possession to recover assets pursuant to the provisions of the Bankruptcy Code, if such claim is pursued in the Court prior to the closing of this case;

F. Determination of all questions and disputes concerning the sale, lease, encumbrance or other transfer of property of the Debtor.

G. To grant the Debtor a discharge pursuant to 1141(d)(5).

**A DISCLOSURE STATEMENT IS ALSO BEING SUBMITTED AS REQUIRED BY THE BANKRUPTCY CODE AND SHOULD BE REVIEWED IN CONJUNCTION WITH THIS PLAN TO ASSIST IN MAKING DECISIONS REGARDING YOUR ACCEPTANCE OR REJECTING THE TREATMENT PROVIDED IN THIS PLAN.**

## SECTION X
## NOTICES

All notices which are required or are permitted hereunder shall be written and shall be either hand-delivered or mailed first class, postage prepaid, addressed to the parties as follows:

                    Salvador A. Gaudiano
                    12121 S. Fox Den Drive
                    Knoxville, TN 37934

with copies to:         Edward J. Shultz, Esq.
                    Ayres & Parkey Attorneys, PLLC
                    P.O. Box 23380
                    Knoxville, TN 37933

or such other address as the above party shall designate by written notice to the other in the manner provided herein. Any and all notices shall be deemed duly given on the date delivered to the other party's notice address (if such notice is hand-delivered) or if such notice is mailed, on the third business day following the date upon which such notice is deposited in the U.S. Mail, and in the event of a default notice, whether or not actually received by the Debtor.

DATED:  December 8, 2014

               Respectfully submitted,


               /s/ Salvador A. Gaudiano
               Salvador A. Gaudiano

COUNSEL:

/s/ Edward J. Shultz
Edward J. Shultz (014665)
Ayres & Parkey Attorneys, PLLC
P.O. Box 23380
Knoxville, TN 37933
(865) 637-1181